FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 APR 30 P 4: 11
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JAMES BOUTTRY, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 112-032 |
| | ) | (Formerly CR 110-251) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, an inmate confined to federal custody at F.C.I. Butner in Butner, North Carolina, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (doc. no. 1), as well as a "Motion to Stay and/or Hold § 2255 Proceedings in Abeyance Pending Outcome of State Court Proceedings" (doc. nos. 3-1, 3-2). The matter is now before the Court for on an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Petitioner's "Motion to Stay and/or Hold § 2255 Proceedings in Abeyance . . ." be **DENIED**, that the § 2255 motion be **DISMISSED WITHOUT PREJUDICE**, and that this civil action be **CLOSED**.

I. **BACKGROUND**

On January 25, 2011, Petitioner pled guilty to a single count of conspiracy to distribute and possess with intent to distribute cocaine hydrochloride, cocaine base, an

amount of Oxycodone, and an amount of 3-4 Methylenedioxymethamphetamine (ecstacy), in violation of 21 U.S.C. §§ 841(a)(1) & 846. United States v. Bouttry, CR 110-251, doc. nos. 486-488 (S.D. Ga. Jan. 25, 2011) (hereinafter "CR 110-251"). The Honorable J. Randal Hall, United States District Judge, sentenced Petitioner to a 114-month term of imprisonment. Id., doc. no. 77. Because he had two prior state court drug convictions, Petitioner was determined to be a career offender under U.S.S.G. § 4B1.1, which resulted in an enhanced sentence. (Doc. no. 2, pp. 2-3.)

Petitioner did not file a direct appeal. However, following sentencing, he filed a state petition for a writ of habeas corpus in the Superior Court of McDuffie County. In that petition, which is still pending, he is collaterally attacking the prior state court convictions that resulted in his classification as a career offender for purposes of his federal sentencing. (Doc. no. 1, pp. 2-3; doc. no. 2, pp. 10-14.)

In the instant § 2255 motion, Petitioner asserts that he is entitled to be resentenced because the two prior state court convictions that resulted in his classification as a career offender are constitutionally invalid and should have been consolidated such that they only counted as a single conviction. (Doc. no. 1, pp. 5-8; doc. no. 2, p. 4.) Petitioner acknowledges that the claims set forth in his federal petition will not become ripe unless and until he succeeds in collaterally attacking his prior state court convictions in his state habeas proceedings. (Doc. no. 1, pp. 5-8; doc. no. 2, p. 3.) However, Petitioner seeks to "protectively" file the instant § 2255 motion within one year of date his judgment of

conviction became final[1] to avoid expiration of the applicable statute of limitations while he pursues state habeas relief. (Doc. no. 1, p. 11.) To that end, in conjunction with his § 2255 motion, Petitioner has filed a "Motion to Stay and/or Hold § 2255 Proceedings in Abeyance Pending Outcome of State Court Proceedings." (Doc. nos. 3-1, 3-2.) Petitioner asks that the Court stay this case until his state habeas petition has been resolved, at which time he will inform the Court of such resolution and either request that the § 2255 motion proceed (if he prevails in his state habeas proceedings) or voluntarily dismiss this case (if he does not prevail in his state habeas proceedings). (Doc. no. 3, pp. 3-4.)

II. **DISCUSSION**

28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions. According to the AEDPA, the statute of limitations period shall run from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1]Because Petitioner did not file a direct appeal, his judgment of conviction became final upon expiration of the time for filing a notice of appeal – *i.e.*, 14 days after the judgment was entered. Fed. R. App. P. 4(b)(1)(A).

3

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

With regard to the type of claims at issue here, the Court notes at the outset that § 2255 claims premised on a challenge to a prior conviction in separate proceedings may give rise to habeas relief in the form of re-sentencing, but only *after* the petitioner successfully challenges the prior state court conviction. See Stewart v. United States, 646 F.3d 856, 859 (11th Cir. 2011) (noting that, with respect to § 2255 claims based on a challenge to a prior state court conviction, "success in the state courts is a *prerequisite* for federal habeas relief" (emphasis added)). As a practical matter, these types of claims will rarely be timely under § 2255(f)(1), as federal criminal defendants often wait until they are subject to an enhanced federal sentence before challenging the underlying state convictions – a process that typically takes them well beyond the one-year anniversary of the date their judgment of conviction became final. However, a petitioner whose prior convictions used to enhance his sentence have been vacated may file a § 2255 motion within one year of the vacatur of a prior conviction, as such vacatur "is a new 'fact' that triggers a fresh one-year statute of limitations under § 2255(f)(4)." Id. at 858 (footnote omitted) (citing Johnson v. United States, 544 U.S. 295, 302 (2005)). Notably, the vacatur of a prior conviction will reset the one-year filing period pursuant to § 2255(f)(4) "only if the petitioner has shown due diligence in seeking the order [of vacatur]." Johnson, 544 U.S. at 302.

None of this is news to Petitioner. He acknowledges that his federal claims are not yet ripe, but he seeks to file his § 2255 motion "protectively" so that when his claims become

4

ripe they will automatically be timely under § 2255(f)(1) "without him ever having to later argue timeliness and/or due diligence" under § 2255(f)(4). (Doc. no. 2, pp. 3-4.)

Unfortunately for Petitioner, he is not entitled to circumvent the timing and diligence requirements applicable to his claims in this fashion. Courts have consistently held that unripe § 2255 claims premised on challenges to prior state court convictions are properly dismissed without prejudice notwithstanding any request to stay or hold the proceedings in abeyance. See, e.g., United States v. Walker, 198 F.3d 811, 812 n.1 (11th Cir. 1999) (noting that district court has previously dismissed § 2255 claim based on challenge to prior conviction); McCarthy v. United States, 187 F.3d 622, 622 (1st Cir. 1998) (affirming district court's refusal to hold § 2255 motion in abeyance pending the outcome of state habeas proceedings); Turner v. United States, Civil Action No. 10-3665, 2012 U.S. Dist. LEXIS 6277, at *3-4 (D.N.J. Jan. 19, 2012) (denying motion to stay seeking to keep § 2255 case open as a "placeholder" pending resolution of state habeas proceedings); Curry v. United States, Civ. No. 09-234, 2010 U.S. Dist. LEXIS 136690, at *26-27 (D. Me. Mar. 30, 2010) (declining to stay § 2255 case for petitioner to seek writ of coram nobis with regard to prior conviction used to enhance his federal sentence); United States v. Venson, 295 F. Supp. 2d 630, 633-34 (E.D. Va. 2003) (dismissing § 2255 claim without prejudice despite request to hold § 2255 motion in abeyance pending challenge to prior conviction in state court).

The same course of action is appropriate here. To allow Petitioner to file now and hold his § 2255 motion indefinitely in abeyance would allow Petitioner to improperly bypass the requirements of filing his § 2255 claims within a timely fashion after the resolution of his state proceedings and showing due diligence as to his pursuit of the vacatur of his prior

convictions. However, the relevant case law makes it apparent that when a claim such as Petitioner's becomes ripe more than a year after the date of the judgment of the federal conviction, the claim is only timely under § 2255(f)(4) upon satisfying these timing and due diligence requirements. See Johnson, 544 U.S. at 302; Stewart, 646 F.3d at 859. Therefore, Petitioner's motion for a stay or abeyance should be denied,[2] and his § 2255 motion should be dismissed without prejudice.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's "Motion to Stay and/or Hold § 2255 Proceedings in Abeyance . . ." be **DENIED** (doc. nos. 3-1, 3-2), that the instant § 2255 motion be **DISMISSED WITHOUT PREJUDICE**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 30th day of April, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2]The docket reflects that Petitioner's motion for a stay and/or abeyance includes a request for a hearing, presumably because Petitioner indicates that a new sentencing hearing should be held if he is successful in challenging his prior convictions in state court. (Doc. no. 3-1.) Because Petitioner is not entitled to the requested stay or abeyance, and because his § 2255 motion should be dismissed without prejudice for the reasons set forth above, any request for a hearing should be denied.